CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for Roanoke
DEC - 3 2010
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER C. MOORE, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OFFICER J. BOGGS, et al., ) <br> Defendants. ) | Civil Action No. 7:10-cv-00258 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Plaintiff, a federal inmate proceeding pro se, filed two motions for a preliminary injunction against the defendants, various staff of the Federal Bureau of Prisons ("BOP"), to require the BOP to preserve all "legal items and materials" possibly related to his allegation of excessive force. Plaintiff also requests unfettered access to legal materials, a telephone, a typewriter, and a television while he is in segregation.

A preliminary injunction is an "extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 689-90 (2008). A movant must establish four elements before a preliminary injunction may issue: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). Plaintiff is not allowed to demonstrate only a "possibility" of irreparable harm because that standard is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 375-76.

Plaintiff fails to establish that he is likely to suffer irreparable harm without a preliminary injunction. Primarily, plaintiff fails to establish how he is unable to litigate this action while incarcerated or how access to a television, typewriter, and telephone are necessary to file his

pleadings; plaintiff merely speculates about an unknown hindrance to access the courts. Plaintiff also fails to establish how an order based on speculative and unsubstantiated fears of frustrated court access furthers the public's interest when that interest is served by controlling or rationing a prisoner's access to prison facilities. Plaintiff also does not adequately establish a likelihood of success on the merits because the defendants argue that plaintiff failed to fully exhaust his administrative remedies. See 42 U.S.C. § 1997e(a). Furthermore, involving a federal court in the day-to-day administration of a prison is a course the judiciary generally disapproves of taking. See, e.g., Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating institution in manageable fashion are "considerations . . . peculiarly within the province and professional expertise of corrections officials"). Based on the allegations in the complaint and the present status of the case, plaintiff fails to establish his entitlement to a preliminary injunction, and I deny his requests.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 3rd day of December, 2010.

Senior United States District Judge